STATE OF CONNECTICUT *v.* JOSEPH JOHNSON
(10360)

DUPONT, C. J., DALY and FREEDMAN, Js.

Argued October 8—decision released November 3, 1992

*Denise Derby,* for the appellant (defendant).

*John P. Talbot, Jr.,* certified legal intern, with whom were *Rita M. Shair* and *Christopher Morano,* assistant state's attorneys, and, on the brief, *John Bailey,* state's attorney, for the appellee (state).

FREEDMAN, J. This appeal concerns the trial court's application of the rules of discovery and sanctions in a criminal proceeding. The defendant claims that the trial court improperly (1) admitted certain identification testimony notwithstanding the state's failure to disclose part of the basis of that identification to the defendant pursuant to his pretrial disclosure request and (2) excluded certain testimony of a defense expert as a sanction for the defendant's failure to disclose certain discovery information pursuant to Practice Book § 769.[1] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On July 21, 1989, the defendant and some friends stole a 1989 Chrysler New Yorker from a Thrifty Rent-A-Car lot and then engaged the police in high speed pursuit through the streets of Hartford. Officer Alice Gibbs of the Hartford police department observed the defendant driving the Chrysler through the intersection of Mather and Main Streets at a fast rate of speed.

---

[1] "[Practice Book] Sec. 769. [DISCLOSURE BY THE DEFENDANT]——ACCESS TO DOCUMENTS AND OBJECTS

"Upon written motion of a prosecuting authority made within ten days after the entry of a plea, the defendant shall, within the time set by the judicial authority, disclose in writing the existence of, and allow the prosecuting authority to inspect, photograph, copy, or have reasonable tests made upon, any book, paper, document, photograph, or tangible object which is adequately identified by the prosecuting authority and within the defendant's possession or control and:

"(1) Which the defendant intends to offer in evidence, except to the extent that it contains any communication of the defendant; or

"(2) Which is a report or statement as to a physical or mental examination or scientific test or experiment made in connection with the particular case prepared by, and relating to the anticipated testimony of, a person whom the defendant intends to call as a witness."

During her subsequent pursuit of the Chrysler, Gibbs had a second opportunity to view the defendant. Gibbs pursued the Chrysler onto the westbound lane of I-84. Gibbs was directly behind the Chrysler as both cars entered I-84. Traffic on the highway was at a standstill and the driver of the Chrysler made a U-turn directly in front of Gibbs' police car. When this occurred, Gibbs observed the defendant behind the wheel of the Chrysler for approximately five to ten seconds from a distance of about five to ten feet.

After heading east in the westbound lane of I-84, the Chrysler entered the interchange with I-91 and began traveling north in the southbound lane of I-91. There the Chrysler collided with a gray Toyota Celica. When the police arrived on the scene, the Chrysler had been deserted. The driver of the Toyota suffered multiple fractures and internal injuries. She later died from loss of blood due to those injuries.

The jury convicted the defendant of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) and larceny in the first degree in violation of General Statutes § 53a-122 (a) (3). This appeal followed.

The defendant first claims that the trial court should not have permitted the state to offer Gibbs' identification testimony. The defendant filed a motion to suppress as evidence any pretrial or in-court identification because of the allegedly suggestive procedures used by the police. When the defendant learned that Gibbs had based her identification of the defendant, in part, on her prior knowledge of and contact with him, however, he withdrew the motion to suppress.

On appeal, the defendant argues that the state failed to disclose Gibbs' prior acquaintance with the defendant notwithstanding the fact that he had filed a pretrial motion for disclosure that requested "the type of

pre-trial identification process utilized by the law enforcement officials." The defendant claims that Gibbs' identification testimony should have been excluded by the trial court as a discovery sanction. The defendant has not properly preserved this claim for appellate review. He never objected to Gibbs' identification of him at trial on the basis of failure to comply with his motion for disclosure. In fact, the defendant withdrew his motion to suppress identification upon learning the facts that he now claims mandate exclusion of the identification testimony. On appeal, the defendant does not maintain that his claim is reviewable as an exceptional circumstance within the doctrine of *State* v. *Golding,* 213 Conn. 233, 238–42, 567 A.2d 823 (1989), and *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), or under the plain error rule of Practice Book § 4185. We ordinarily do not review issues raised for the first time on appeal, although we occasionally have done so. *State* v. *Geisler,* 25 Conn. App. 282, 284 n.2, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992). In the present case, such a review is not warranted. *State* v. *Weinberg,* 215 Conn. 231, 257, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990); see also *State* v. *Johnson,* 26 Conn. App. 433, 438, 602 A.2d 36, cert. denied, 221 Conn. 916, 603 A.2d 747 (1992).

The defendant next claims that the trial court should not have excluded certain testimony of his expert witness as a sanction for his failure to disclose information to the state pursuant to its motion for disclosure under Practice Book § 769. The defendant argues, inter alia, that he had no obligation to disclose this potential testimony and that the trial court's action precluded him from introducing critical impeachment evidence.

The following additional facts are relevant to our resolution of this claim. The state filed a pretrial motion for disclosure of any reports pursuant to Practice Book

§ 769. See footnote 1, supra. Although defense counsel stated that she did not anticipate receiving a written report from any defense witnesses, she volunteered to discuss the subject matter of the testimony of the witnesses with the assistant state's attorney. An examination of the record, however, reveals that at no time did this become an order of the court.

During trial, defense counsel provided the state with a written report prepared by accident reconstruction expert Edmund Sullivan that had just been given to defense counsel by Sullivan. Sullivan testified for the defendant regarding his opinion of the identity of the driver of the Chrysler based on his accident reconstruction knowledge. The defendant then attempted to elicit from Sullivan his opinion of what the speed of the Chrysler must have been when it crossed in front of Gibbs' police car at the intersection of Mather and Main Streets in order to afford Gibbs an opportunity to view the driver for five to ten seconds, as she had testified. The defendant's offer of proof showed that Sullivan would testify that the Chrysler would have to have been traveling at a much slower speed than indicated by Gibbs' testimony for her to have had a sufficient opportunity to observe the defendant in the car during their first encounter. This information bearing on Gibbs' ability to view the driver of the Chrysler was based on the application of a mathematical calculation of time, distance and speed.

The state objected to this testimony. The state claimed that this testimony should be excluded because this information was not contained in the report nor was it otherwise disclosed to the state. The court sustained the objection concluding that disclosure of this information was required by applicable discovery rules and that the failure to disclose this information pre-

cluded the defendant from presenting this evidence. See Practice Book § 774.[2]

The defendant correctly argues that there was no violation of § 769 in that the proffered testimony was outside the scope of the materials discoverable by the state. In *State* v. *Genotti,* 220 Conn. 796, 601 A.2d 1013 (1992), which was decided after the conclusion of the defendant's trial, our Supreme Court had its first opportunity to construe § 769 as it pertains to reports and statements from a defense expert witness. In *Genotti,* the court concluded that § 769 does not apply to oral information and, consequently, "the defendant was not obligated to disclose to the state the expert witness' unrecorded observations and conclusions." Id., 809. Because the defendant had no obligation to disclose Sullivan's calculations of time, distance and speed, the trial court improperly excluded this testimony.

This analysis, however, does not end our inquiry. We must consider whether this improper exclusion of Sullivan's testimony regarding the rate of speed necessary to permit Gibbs to have had sufficient opportunity to observe the driver of the Chrysler when it crossed through the intersection of Mather and Main Streets requires us to reverse the judgment of the trial court. To make this determination, we apply the harmless error doctrine to the circumstances of this case.

"The allocation of the burden of proof under harmless error analysis depends on whether the error reaches the level of a constitutional violation. If the error is of constitutional magnitude, then the burden is on the state to prove that this error was harmless beyond a reasonable doubt." *State* v. *Flanders,* 214

[2] Practice Book § 774 authorizes the trial court, on motion of the prosecuting authority, to "grant appropriate relief" if the defendant fails to comply with a disclosure requirement set forth in Practice Book §§ 757 through 773, inclusive.

Conn. 493, 500, 572 A.2d 983, cert. denied, 498 U.S. 901, 111 S. Ct. 260, 112 L. Ed. 2d 217 (1990). "When a trial error in a criminal case does not involve a constitutional violation the burden is on the defendant to demonstrate the harmfulness of the error." Id., 502.

The defendant argues that the trial court's exclusion of evidence intended to impeach Gibbs' testimony implicated his constitutional right to confront witnesses against him.[3] It is well settled, however, that not every evidentiary ruling that denies a defendant a line of inquiry to which the defendant claims entitlement rises to the level of a constitutional violation. *State* v. *Crumble,* 24 Conn. App. 57, 65, 585 A.2d 1245, cert. denied, 218 Conn. 902, 588 A.2d 1077 (1991). A defendant's constitutional right to confrontation is satisfied "if [the defendant] is given the opportunity to expose facts from which the jury can appropriately draw inferences concerning a witness' reliability." *State* v. *Cobb,* 27 Conn. App. 601, 611–12, 605 A.2d 1385 (1992), citing *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

The defendant's cross-examination of Gibbs was virtually unrestricted. He had ample opportunity to impeach the reliability of her identification. Since the defendant asked numerous questions regarding Gibbs' opportunity to observe the driver of the car as it passed

---

[3] Although the defendant has framed his claim under both the state and federal constitutions, he has not provided an independent analysis of our state criminal constitutional provisions. In the absence of any such analysis by the defendant in this case, we confine our analysis to a discussion of his rights under the federal constitution. *State* v. *Pinnock,* 220 Conn. 765, 776 n.3, 601 A.2d 521 (1992); *Phillips* v. *Warden,* 220 Conn. 112, 131 n.15, 595 A.2d 1356 (1991). Although we do not afford review here, it does not mean that we are not able to review a state constitutional claim if we choose to do so. *State* v. *Hernandez,* 28 Conn. App. 126, 131 n.2, 612 A.2d 88, cert. denied, 223 Conn. 920, 614 A.2d 828 (1992); *State* v. *Geisler,* 25 Conn. App. 282, 284 n.2, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992).

through the intersection of Mather and Main Streets, the defendant was not "precluded from presenting the only evidence available to impeach the credibility of witness Gibbs," as he claims in his brief. The exclusion of Sullivan's testimony concerning time, distance and speed calculations, therefore, did not violate the defendant's confrontation rights. See *State* v. *Cobb,* supra, 612.

Because the trial court's ruling here involves only an evidentiary claim, the burden is on the defendant to demonstrate the harmfulness of the exclusion of the testimony. *State* v. *Flanders,* supra. We conclude that the defendant has failed to show that it is likely that the result would have been different had the trial court permitted Sullivan to testify regarding his calculation of the speed of the Chrysler as it crossed the intersection of Mather and Main Streets.

Gibbs testified that she was able to identify the defendant as the driver twice during the chase. The defendant's expert would have been used to rebut only the first identification, which occurred at the corner of Mather and Main Streets. Gibbs herself admitted that this first identification occurred under less than ideal conditions as the car driven by the defendant was moving at a fast rate of speed. Gibbs testified that she also saw the defendant driving as he made a U-turn on I-84. This identification did not involve the speed of the car because Gibbs testified that after the Chrysler came to a standstill upon entering I-84, it made a U-turn directly in front of her police car. At that time, Gibbs was able to observe the defendant behind the wheel of the Chrysler for approximately five to ten seconds from a distance of about five to ten feet. During this time, Gibbs was looking right at the driver's face. In light of this second, and stronger, opportunity to identify the defendant during the chase, it is highly unlikely that, had Sullivan's testimony been admitted

into evidence, the jury would have reached a different verdict. The exclusion of this testimony was therefore harmless.

The judgment is affirmed.

In this opinion the other judges concurred.