STATE OF CONNECTICUT *v.* JOSEPH JOHNSON
(14660)

CALLAHAN, BORDEN, BERDON, KATZ and E. Y. O'CONNELL, Js.

Argued June 10—decision released August 31, 1993

---

*Denise Derby,* for the appellant (defendant).

*Rita M. Shair,* assistant state's attorney, with whom were *Christopher Morano,* assistant state's attorney, *John P. Talbot, Jr.,* certified legal intern, and, on the brief, *John M. Bailey,* chief state's attorney, for the appellee (state).

PER CURIAM. The principal issue in this certified criminal appeal is whether the Appellate Court correctly determined that the trial court's improper exclusion of a defense witness' expert testimony was harmless. The defendant, Joseph Johnson, was convicted by a jury of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) and larceny in the first degree in violation of General Statutes § 53a-122 (a) (3).[1] The Appellate Court affirmed

---

[1] General Statutes § 53a-55 provides in relevant part: "(a) A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

General Statutes § 53a-122 provides in relevant part: "(a) A person is guilty of larceny in the first degree when he commits larceny as defined in section 53a-119 and . . . (3) the property consists of a motor vehicle, the value of which exceeds ten thousand dollars . . . ."

General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."

the judgment of conviction. *State* v. *Johnson*, 29 Conn. App. 394, 615 A.2d 512 (1992). We granted the defendant's petition for certification to appeal. *State* v. *Johnson*, 224 Conn. 920, 618 A.2d 529 (1992). We now dismiss the appeal on the ground that certification was improvidently granted.

The facts of this case are set forth in the decision of the Appellate Court. *State* v. *Johnson*, supra, 29 Conn. App. 395–98. In the Appellate Court the defendant claimed that the trial court had improperly relied on Practice Book § 769[2] to exclude expert testimony offered to challenge the accuracy of a police officer's eyewitness identification. He argued that the ruling had deprived him of his state and federal constitutional rights to confront the witnesses against him.[3] The Appellate Court agreed with the defendant that the

[2] Practice Book § 769 provides: "[DISCLOSURE BY THE DEFENDANT]—ACCESS TO DOCUMENTS AND OBJECTS

"Upon written motion of a prosecuting authority made within ten days after the entry of a plea, the defendant shall, within the time set by the judicial authority, disclose in writing the existence of, and allow the prosecuting authority to inspect, photograph, copy, or have reasonable tests made upon, any book, paper, document, photograph, or tangible object which is adequately identified by the prosecuting authority and within the defendant's possession or control and:

"(1) Which the defendant intends to offer in evidence, except to the extent that it contains any communication of the defendant; or

"(2) Which is a report or statement as to a physical or mental examination or scientific test or experiment made in connection with the particular case prepared by, and relating to the anticipated testimony of, a person whom the defendant intends to call as a witness."

[3] Article first, § 8, of the Connecticut constitution provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to be confronted by the witnesses against him . . . ."

The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The sixth amendment is applicable to the states through the fourteenth amendment to the United States constitution, which provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law."

admission of the expert testimony proffered would not have violated § 769 and should have been admitted. Id., 399. It determined, however, that the trial court's ruling did not violate the United States constitution. Id., 401. It did not address the state constitutional issue because the defendant had not provided an independent analysis of his state claim. Id., 400 n.3. Because the trial court's ruling was merely evidentiary and not constitutional, the Appellate Court conducted an analysis that placed the burden on the defendant to demonstrate harmfulness. Id., 401. Pursuant thereto, the Appellate Court concluded that the defendant had failed to demonstrate that it was likely that the result of the trial would have been different in the absence of the improper ruling and, accordingly, affirmed the judgment of the trial court. Id., 401–402.

The first of the two certified questions is: "Was the Appellate Court correct in finding that the improper exclusion of impeachment evidence did not constitute a constitutional violation [of] the defendant's right to confront and cross-examine witnesses under article first, § 8, of the Connecticut constitution?" *State* v. *Johnson,* supra, 224 Conn. 920. The Appellate Court refused to address the merits of this claim because, as noted above, the defendant had not provided an independent state constitutional analysis. In his brief and during oral argument before this court, the defendant, although ostensibly relying on our cases that address state and federal confrontation clause issues, has again failed to provide a separate state constitutional analysis applicable to the facts of this case. As we stated in *State* v. *D'Ambrosio,* 212 Conn. 50, 57 n.5, 561 A.2d 422 (1989), cert. denied, 493 U.S. 1063, 110 S. Ct. 880, 107 L. Ed. 2d 963 (1990), "[i]t is of no moment in this case whether a defendant's constitutional right to [confront witnesses against him] stems from the sixth amendment's confrontation clause . . . or from either

the confrontation or due process clause of our state constitution. . . . We postpone deciding this question until we have a case in which it would make a difference or until the United States Supreme Court offers us further guidance." See also *State* v. *Pinnock,* 220 Conn. 765, 776 n.3, 601 A.2d 521 (1992). The defendant has provided us with no reason, even if we were to consider his claim pursuant to the state constitution, why the result would be any different than if the analysis were conducted pursuant to the federal constitution.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the defendant's appeal of this issue should be dismissed on the ground that certification was improvidently granted. Our certification was predicated upon the assumption that the defendant would present a state constitutional argument that would distinguish our state constitutional guarantees from those provided by the federal constitution. Cf. *State* v. *Pinnock,* supra. In the absence of such an analysis, this appeal does not afford us the opportunity to undertake a full consideration of the question that we certified. See *Booth* v. *Flanagan,* 220 Conn. 453, 454–55, 599 A.2d 380 (1991). Furthermore, it would serve no useful purpose for us to repeat the Appellate Court's careful and well reasoned consideration of the federal constitutional issue.

The second certified question is: "Was the Appellate Court correct in finding harmless error where the trial court had improperly excluded, as a discovery sanction, expert testimony offered to impeach the credibility of an eyewitness identification made by a police officer?" *State* v. *Johnson,* supra, 224 Conn. 920. This argument was fully considered in the decision of the Appellate Court. *State* v. *Johnson,* supra, 29 Conn. App. 401–402. The Appellate Court concluded that although the ruling was improper, it was harmless, particularly in light

of a second, unchallenged identification of the defendant by the same police officer. Id., 401. Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that the appeal on this question should be dismissed because certification was improvidently granted. See *State* v. *Milton,* 224 Conn. 163, 168, 617 A.2d 460 (1992). It would serve no useful purpose to repeat the discussion contained in the Appellate Court's opinion.

The appeal is dismissed.