## JOSEPH JOHNSON *v.* COMMISSIONER OF CORRECTION
### (AC 18963)
### (AC 19060)

Schaller, Mihalakos and Dupont, Js.

Argued April 25—officially released June 27, 2000

*David B. Rozwaski*, for the appellant (petitioner).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, *Donna Mambrino*, assistant state's attorney, and *John J. Dropick*, former assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Joseph Johnson, appeals from the habeas courts' denials of his petitions for writs of habeas corpus following the denial of his petition for certification to appeal in each case. The petitioner claims that the habeas courts improperly

rejected his claims that his trial counsel and habeas counsel provided ineffective assistance.

In the criminal proceeding underlying the petitioner's petitions for writs of habeas corpus, the petitioner was convicted, after a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) and larceny in the first degree in violation of General Statutes § 53a-122 (a) (3). The petitioner was sentenced to a total effective term of thirty-five years incarceration. This court affirmed the judgment of conviction. *State* v. *Johnson*, 29 Conn. App. 394, 615 A.2d 512 (1992). After granting certification to appeal, our Supreme Court dismissed the appeal. *State* v. *Johnson*, 227 Conn. 611, 630 A.2d 69 (1993).

Thereafter, the petitioner filed two petitions for writs of habeas corpus. In AC 18963, the petitioner alleged ineffective assistance of trial counsel. The court, *Sferrazza, J.*, dismissed the petition, and the petitioner did not file a timely appeal from the dismissal. The petitioner thereafter filed a second petition, AC 19060, in which he alleged ineffective assistance of trial and habeas counsel. The court, *Corrigan, J.*, denied the petition. On the basis of a stipulation of the parties, however, the court reinstated the petitioner's right to appeal from the decision in the first habeas action. Both habeas courts denied the petitioner's petitions for certification to appeal. On January 12, 1999, this court granted the petitioner's motion to consolidate the two appeals. Our examination of the record and briefs persuades us that the judgments of the habeas courts should be affirmed.

In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review is plenary as to whether the facts as found by the habeas court constitute a violation of a petitioner's constitutional right to

effective assistance of counsel. *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 695 A.2d 183 (1995). For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). The petitioner has not satisfied this burden.

In the first petition, AC 18963, the habeas court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims and the court's finding that, given the evidence against the petitioner, he failed to meet his burden of proving that the decision of trial counsel not to offer two letters into evidence before the jury created a reasonable probability that the result of the trial would have been different. In the second petition, AC 19060, the habeas court's dismissal of the petition was based on a review of the petitioner's claims and the court's findings that trial counsel's advice that the petitioner not testify was not ineffective in view of his prior felony convictions and that counsel's advice concerning the presentation of mitigating information at sentencing was proper.

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of*

*Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that both habeas courts had before them sufficient evidence to find as they did and that they did not abuse their discretion in denying the petitions for certification to appeal.

The appeals are dismissed.