[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this petition for a writ of habeas corpus by virtue of an Amended Petition dated July 23, 1999 in two counts. Count One claims ineffective assistance of counsel and Count Two, violation of due process because the "trial court failed to ensure that the CT Page 12397 petitioner's waiver of his constitutional right to testify at trial was an intelligent, knowing and voluntary waiver of that right." Trial on the Amended Petition was held before this court on May 26, 2000 and July 12, 2000. Both parties were represented by counsel.
The court bases its decision on the totality of the evidence, including exhibits and the testimony of witnesses. The evaluation of the witness' testimony is based upon their demeanor on the witness stand, their ability to recall events, their interest in the case, the consistency or inconsistency of their statements and the consistency or inconsistency of their statements in view of other credible evidence. The court has also based its decision upon the pleadings. From all of the above, the court finds the following:
1. The petitioner was the defendant in a criminal case entitled Statev. John Wideman, docket number CR91-0069929-T in the Superior Court for the Judicial District of Fairfield.
2. Petitioner was charged with in a four count substitute information with kidnaping in the first degree in violation of Conn. Gen. Stat. § 53a-92 (a)(2)(A); conspiracy to commit kidnaping in the first degree and sexual assault in the first degree in violation of Conn. Gen. Stat. §§ 53a-92 (a)(2)(A), 53a-70 (a)(1) and 53a-48 (a); aiding first degree sexual assault in violation of Conn. Gen. Stat. §§ 53a-8, 53a-70
(a)(1); and first degree sexual assault in violation of Conn. Gen. Stat. § 53a-70 (a)(1).
3. Trial commenced on February 3, 1993 and on February 16, 1993 the jury entered guilty verdicts on all four counts.
4. Pursuant to said conviction on May 7, 1993, the Court (Maiocco, J.) sentenced the Petitioner to the custody of the Commissioner of Correction for a term of imprisonment often years on the first count, five years on the second count to run concurrently with the first count, ten years on the third count to run concurrently with the first and second count and ten years on the fourth count to run consecutively to the first three counts for a total effective sentence of twenty years.
5. Petitioner appealed his conviction to the Appellate Court and said appeal was denied.
6. Petition for certification to appeal from the Appellate Court decision was denied on January 10, 1995.
7. The aforementioned facts have been admitted by the Respondent.
CT Page 12398 8. The Petitioner is in the custody of Respondent pursuant to the judgment entered in docket number CR 92-208846T.
9. The Petitioner was represented at his criminal trial by Attorney Barry Butler, Assistant Public Defender.
10. On the ineffective assistance of counsel claim, the principal claim is that the Petitioner was denied his right to testify. The Petitioner clearly had a constitutional right to testify, and it is his decision as to whether to testify and not the decision of his attorney. However, the attorney can and should recommend to the Defendant in a criminal case whether or not to testify. The Petitioner, also known as the "Defendant", decided not to testify. It was not a decision made by Attorney Butler, but rather a decision made by the Defendant upon advice of his attorney.
11. The principal witness against the Defendant was the victim, Gracie Epps, hereinafter "Victim". The principal defense was that the sexual act(s) were consensual. Therefore, the issue of the credibility of the Victim and the Defendant was critical. In the Victim's testimony, she claimed that she was afraid of the Defendant, and that's why she committed the sexual acts. In explaining why she was afraid of the Defendant, she went into his prior criminal record stating, in effect, that he was responsible for "two bodies". The Defendant, in fact, did kill two people, and even though he claimed one shooting was accidental and the other was self-defense, he, nevertheless, was found guilty of manslaughter on both killings. The Victim also testified that the Defendant was presently out on bond for a double homicide. Prior to her testimony, Attorney Butler had filed a Motion in Limine to preclude such testimony, which motion was denied by the trial court after a hearing.
Subsequent to the Victim's testimony, Attorney Butler moved for a mistrial, which, after a hearing, was denied. He vigorously claimed that the Victim's testimony as to the prior convictions and even more importantly, the Defendant's pending felony charges, was inadmissible and argued in particular that the Defendant was presumed innocent on the pending double homicide charges and that all of this testimony was more prejudicial that probative. However, the trial court admitted the testimony with a cautionary instruction to the jury that even though what the victim knew was based upon what would otherwise be hearsay, the jury was to not consider the information as to its truth but rather only for its effect upon the hearer, namely, the Victim. Attorney Butler believed that despite this cautionary instruction, the testimony was more prejudicial than probative, and he believed that the trial court's decisions on the Motion in Limine and the Motion for a Mistrial had an excellent chance of being overturned on appeal. CT Page 12399
Although Attorney Butler thought that it was important that the Defendant take the witness stand to assert that the sexual acts were consensual and deny what the Victim stated, he also thought that even though he had weakened her testimony by cross-examination, it was likely that the Defendant, even if testifying, would lose at the trial level and that it would be better for him not to testify in order to preserve what Attorney Butler perceived as an excellent chance to win on appeal. He was concerned that if the Defendant testified as just indicated, his criminal record would come out on cross-examination and that his appealable issue was unlikely to be successful because the Appellate Court would hold that even though it was error to admit the Victim's testimony as to the Defendant's prior and pending record, the error was harmless because the Defendant himself testified to it.
Faced with what he considered a "Hobson's Choice", Attorney Butler decided that it would be better for the Defendant not to testify, and he so advised him and explained all of this reasoning to him, and the Defendant decided not to testify. Attorney Butler also expressed to the Defendant that if he testified, the details of the double homicide would be elicited, and he was concerned about that. He specifically said that the Defendant said to him that he had decided not to testify based upon Attorney Butler's recommendation, but that it was finally the Defendant's decision.
The court believes Attorney Butler and in particular, that the Defendant specifically decided not to testify and so advised Attorney Butler. Further, it is clear from the record (TT pp. 343-344) that Attorney Butler advised the court in the presence of the Defendant that the Defendant had decided not to testify, and there was no objection or comment by the Defendant. Attorney Butler also testified that he evaluated the Defendant as being smart and that he clearly understood the basis of Attorney Butler's recommendation. The court believes Attorney Butler's testimony in this regard.
Attorney Butler did admit that he had done limited research on the issue he thought would be successful on appeal and although he could find, in the time available to him, no cases specifically on point, he concluded that the admission of the testimony by the victim as to the prior conduct of the Defendant was extremely prejudicial to the Defendant and that it would be "a winner on appeal.
12. In his cross-examination of the Victim, he was able to elicit admissions from her that she was prostitute, that she had an extensive criminal background, that she often used an alias, that she was a drug addict and often paid off her drug suppliers by agreeing to, and then CT Page 12400 performing, sexual acts for them and/or other individuals at their direction. The court concludes that Attorney Butler's cross-examination was well done.
13. At the habeas trial, the Petitioner presented the testimony of Attorney Thomas Farver who the court qualified as an expert witness on trial tactics in a criminal case. After Attorney Farver was presented as a hypothetical, the situation with which Attorney Butler was confronted as to whether or not the Defendant should testify, Attorney Farver said that it was a valid tactic and that Attorney Butler's actions and recommendation in this regard did not fall below the range of confidence displayed by lawyers with ordinary training and skill in the criminal law.
Since subsequently the Appellate Court affirmed the Defendant's conviction and specifically upheld the trial court's decision to admit the evidence provided by the testimony of the Victim as to the Defendant's prior and pending record, it turned out that Attorney Butler's opinion or judgment as to the appealability of this issue was incorrect. However, the court agrees that under all the circumstances, his recommendation to the Defendant was a valid trial tactic and that his performance in this regard did not fall below the range of competence displayed by lawyers with ordinary training and skill in criminal law. Accordingly, the court rejects this claim as a basis for ineffective assistance of counsel.
14. The Petitioner also claims that Attorney Butler should have questioned the Victim as to why, in her subsequent position as a taxi cab driver, she picked him up if she was afraid of him. The record reflects that she did admit picking him up as a fare twice subsequent to the incident which formed the basis of the charges against him. In his summation, Attorney Butler did argue that the acts were consensual and brought out the very point that the Victim had picked up the Petitioner as a fare in her taxi cab subsequent to said incident. Not asking the Victim on cross-examination specifically as to why she picked him up as a fare subsequent to the incident if she was afraid of him, was a trial tactic and a matter of judgment the court cannot say was wrong. Attorney Butler did not know what her response would be, and she might well have come up with a reasonable explanation or some other remark which would be damaging to the Defendant.
The court agrees that it was better to let the cross-examination rest with her admitting that she picked him up twice subsequent to the incident and then using that in the summation. In any event, it was a trial tactic that clearly did not fall below the range of competence displayed by lawyers with ordinary training and skill in the criminal law CT Page 12401 and was certainly not, therefore, ineffective assistance of counsel.
15. Petitioner also claims that Attorney Butler should have asked the Victim about a statement she allegedly made to the Defendant's father and sister that "John wasn't all that involved". The record reflects, however, that he did ask her that question and that she admitted making such statement. Since admitted making the statement, there was no point in bringing in the father or sister to confirm that. The court would note that such a statement doesn't make a lot of sense when the Victim claimed that she was required to perform oral sex on him. That is certainly involvement.
16. Finally, the Petitioner claims in Count Two that the trial court failed to ensure that the Petitioner's waiver of his constitutional right to testify at trial was an intelligent, knowing and voluntary waiver of that right. The court is unaware of any statutory or case law that requires the trial court to canvass the defendant when he waives his constitutional right to testify.
 "For the Petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different."
Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984).Johnson v. Commissioner of Corrections, 58 Conn. App. 482, 484, June 27, 2000.
This court concludes that the Petitioner has failed to satisfy his burden proving these two elements. The court finds that Attorney Butler's performance was not deficient and that even if it were, the result of the proceeding would not have been different.
The petition for habeas corpus is denied.
Rittenband, JTR
Note: At the request of counsel the Court permitted them to order transcripts of the habeas hearing and file briefs. However, by October 2, 2000 both counsel have waived the filing of transcripts and briefs. Therefore, the Court has based its decision on the pleadings and the actual hearing.