[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an amended petition for a Writ of Habeas Corpus brought by the Petitioner claiming ineffective assistance of counsel. Petitioner claims that his special public defender, Susan Filan, Esq., denied him effective assistance of counsel by:
"(a) Failing to conduct any investigation into the Petitioner's plea of innocence;
(b) Failed to interview his mother, Bettye Shaw, or his sister, LaTonya Jefferson, as to
(c) The Petitioner's whereabouts on December 24, 1996 and January 4, 1997; CT Page 2177
(d) Failed to interview Troy Lewis; and,
(e) Coerced Petitioner into pleading guilty by telling him that he would serve only fifty percent of his sentence prior to release."
The hearing was held concerning this petition by this Court on February 14, 2002. The Court bases much of its decision on the credibility of the witnesses who testified at the hearing. They were the Petitioner Attorney Filan. The Court evaluated the credibility of the witnesses based upon their demeanor on the witness stand, the consistency or inconsistency of their testimony and the inconsistency of such testimony with other witnesses and exhibits, the ability to recall events as well as the interest the witness has in the outcome of the case. The Court found Attorney Filan more credible than the Petitioner, in part because of the Petitioner's inability to remember things clearly as opposed to Attorney Filan who did have a good recollection of events and the general inconsistency of the Petitioner's testimony.
 STANDARD OF REVIEW
The two criteria that the Petitioner must meet to
sustain
his burden of proving that he is entitled to relief are well known. "For the Petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, for counsel's mistakes, the result of the proceeding would have been different."Strickland v. Washington, 466 U.S. 668, 694 (1984); Johnson v.Commissioner of Corrections, 58 Conn. App. 482, 484 (June 27, 2000).
1. INEFFECTIVE ASSISTANCE OF COUNSEL.
Petitioner had been charged with Robbery in the First Degree with a Firearm and Conspiracy to Commit Robbery First Degree with a Firearm as well as Assault in the Second Degree. There were three incidents in which he was so charged. The first occurred on December 24, 1996 and involved a robbery at the Ramada Inn in Stratford, Connecticut. The second was a robbery at the Howard Johnson's Hotel in Stratford, Connecticut on December 30, 1996, and the third robbery was at Krauszer's Store in Stratford, Connecticut on January 4, 1997. At the time of his pleas of nolo contendre the informations to which he pleaded were substituted down to Robbery in the First Degree, Sec. 53a-134a (4) and Sec. 53a-8, Conspiracy to Commit Robbery in the First Degree. On May 13, 1998, the CT Page 2178 Court, Ronan, J. sentenced the Petitioner on each of the three counts of Robbery in the First Degree to twenty years suspended after twelve and a half years with probation of five years. On each of the conspiracy charges the Petitioner was sentenced to two years execution suspended five years probation to run consecutive to the other charges making a total effective sentence of twenty-two years suspended after twelve and a half years with five years of probation. The sentences were to run concurrently with a ten year sentence he had received the day before in a case in Waterbury Superior Court. Attorney Filan, the Petitioner's special public defender, had had extensive experience in criminal defense. She met with the Petitioner approximately ten times prior to the date of his nolo pleas. Attorney Filan did investigate the Petitioner's claim of innocence. However, she reviewed statements that the Stratford Police had taken from the Petitioner, from Troy Lewis (Respondent's Exhibit F) and Shane Barnes (Respondent's Exhibit G), the other two individuals involved in these robberies. The statement of Troy Lewis and the statement of Shane Barnes clearly implicated the Petitioner in the three robberies. Further, the Petitioner also signed a confession, to the Stratford Police dated January 29, 1997 (Respondent's Exhibit A). Attorney Filan testified that she had the Petitioner sign his name and compared it to the signature on the confession of the Petitioner and found them to be identical even though the Petitioner claimed that the signature had been forged. The Petitioner recalls Attorney Filan making a motion to suppress his statement which was denied. The Court's notes do not reflect that Attorney Filan testified that she had made a motion to suppress. In addition, regarding the robbery at the Ramada Inn, an employee, Mary Guerra, had identified the Petitioner as having entered the Ramada Inn as part of the robbery. Suffice it to say that with all of this evidence against the Petitioner and facing one hundred and ten years imprisonment on the original charges if he were convicted at trial, which seemed likely, Attorney Filan working out the plea bargain for twenty-two years suspended after twelve and a half years concurrent to the ten year sentence he was serving from the Waterbury case was a major accomplishment on her part if, for no other reason, that it meant that he would only serve a maximum of two and a half years additional to the ten year sentence, plus the time he had already served on the ten year sentence which although imposed the day before (May 12, 1998) entitled him to presentence jail credit for the Waterbury case. In any event, even with that additional time being lost to him, which the Petitioner claims was four hundred sixty-six days, that would have been off-set by the additional eighteen months he was facing for violation of probation on a conviction prior to the sentences of May 12 and May 13, 1998. Even if it were a total of four years instead of two and a half additional, that was still a far better deal for the Petitioner than if he had gone to trial.
In addition, Attorney Filan did interview the Petitioner's sister, CT Page 2179 LaTonya Jefferson, who could not provide an alibi for the Petitioner as he had claimed, and Attorney Filan attempted to interview the mother, Bettye Shaw, but was prevented from doing so by the sister because of the fact that Mrs. Shaw had recently suffered a stroke. Attorney Filan did talk to her on the telephone but the conversation on the part of Mrs. Shaw was not intelligible. Attorney Filan did try to interview Troy Lewis but Troy Lewis' attorney prevented that. Attorney Filan in order to attempt to reduce the bail of the Petitioner also interviewed Shanae Ward, a girlfriend of the Petitioner, who also turned out not to be an alibi witness. In addition, as far as the confession signed by the Petitioner and his claims of not knowing much, he had already been through the system on a charge prior to the conviction in Waterbury and had received a suspended sentence and probation. Further, as brought out by Respondent's attorney, Petitioner had gone to school through the twelfth grade, and although he did not graduate from high school because he was expelled for continuing to wear a hat, he had obtained his GED before he was arrested. Also, he had attended Park City Magnet School which is considered a very good school and had received high grades. In view of all of this, his claims of lack of knowledge of the system, etc., are not very credible.
For all of the above reasons, this Court concludes that the Petitioner has failed to satisfy his burden of proving that counsel's performance was below the standard of criminal defense attorneys in the area. Attorney Filan, as it turned out, was very effective in her representation of the petitioner.
2. LIKELIHOOD OF SUCCESS IN A TRIAL.
Based upon the evidence presented at the habeas trial and the exhibits submitted, all as described above, if the Petitioner had gone to trial, he probably would have been convicted and sentenced to much more than the sentence he received. Therefore, there is not a reasonable probability that the result of the proceeding would have been different. Petitioner has failed to meet his burden on the second prong of Strickland, supra, as stated above.
The petition for habeas corpus is denied.
 ___________________ Rittenband, JTR