[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case came to trial before this Court on February 26, 2002 by way of an amended petition for a writ of habeas corpus dated August 27, 2001 in which in Count One the petitioner claims that his defense counsel, public defender Attorney Bruce Lorenzen (hereinafter also "Lorenzen") was ineffective in his representation of the petitioner and in Count Two claims that Assistant State's Attorney, Donna Mambrino, (hereinafter also "Mambrino") committed prosecutorial misconduct "by misleading and improperly influencing the family of the petitioner, who influenced the petitioner to plead guilty."
On July 26, 2000, the petitioner entered pleas of guilty under the Alford doctrine to four counts of sexual assault in the first degree, one count of sexual assault in the second degree, one count of risk of injury to a minor and one count of kidnaping. On July 26, 2000, after a waiver of a pre-sentence investigation by both parties, the petitioner was sentenced to 20 years in prison, execution suspended after ten years and CT Page 2634 probation for ten years.
The petitioner was convicted of having sexual intercourse by the use of force with a female child under the age of sixteen, the petitioner being between the ages of 31 and 37 at the time of the commission of the crimes. The crimes are described in two docket numbers which descriptions essentially are as follows:
1. A female victim at all times under the age of sixteen years lived with the petitioner for several years with her mother and then without her mother during which time he sexually assaulted her by force and had sexual intercourse with her without force. These incidents occurred between December, 1996 and September, 1999.
2. On January 1, 2000, the petitioner had forcible sexual intercourse with a prostitute, and the said prostitute was at that time under the age of sixteen years.
On or about January 25, 2000 after giving statements to the East Hartford police, the petitioner was arrested for these crimes as well as kidnaping, other counts of sexual assault and risk of injury to a minor and larceny in the sixth degree resulting from his stealing approximately $50.00 from said prostitute. The Court has taken judicial notice of the petitioner's maximum exposure based upon the original charges against him which the Court has calculated as 205 years and three months.
 STANDARD OF REVIEW
"For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); Johnsonv. Commissioner of Corrections, 58 Conn. App. 482, 484, (June 27, 2000).
The Court bases much of its decision on the credibility of the witnesses who testified on February 26, 2002 at the habeas hearing. The witnesses were the petitioner and Assistant State's Attorney Mambrino. The Court has evaluated the credibility of the witnesses based upon their demeanor on the witness stand, the consistency or inconsistency of their testimony and the inconsistency of such testimony with other witnesses' testimony and exhibits, the ability to recall events as well as the interest the witness has in the outcome of the case. The Court found CT Page 2635 Attorney Mambrino more credible than the petitioner in part because of the petitioner's inconsistent testimony. For example, he testified that in front of Judge Clifford at the time of the plea canvass he told Judge Clifford that he was "in shock". He stated that several times. However, the transcript of the canvass and sentencing hearing, respondent's exhibit A, did not contain that statement or anything close to it.
 ISSUES
1. Was Attorney Lorenzen ineffective?
From the totality of the evidence the Court makes the following findings:
 a. The State never offered to recommend or agree to a five year sentence to serve. Lorenzen may have told the petitioner in his initial meetings with the petitioner that he, Lorenzen, would try to obtain a plea bargain agreement of five years, but he was never successful in obtaining such an agreement.
 b. Lorenzen met with the petitioner four times which included two times at the jail where the petitioner was incarcerated for a total of nine to ten hours. Further, petitioner met with an investigator from the Public Defender's Office for at least an hour and a half. During the meetings between the petitioner and Lorenzen, Lorenzen discussed the allegations against the petitioner in detail.
 c. Lorenzen represented the petitioner between March and July of 2000.
 d. The State did offer a plea bargain of 25 years execution suspended after 15 years and ten years of probation. This was rejected by the petitioner.
e. Shortly before the case involving the minor child who lived with the petitioner was called in for trial, Judge Clifford, in open court, advised the petitioner that he would impose a sentence of 20 years execution suspended after ten years with ten years of probation. The CT Page 2636 petitioner rejected this offer and was told by Judge Clifford that he wouldn't get the offer again.
 f. The Court does not believe petitioner's claim that there was an offer of five years which was subsequently "taken off the table" by the State because the Court believes such an offer was never made.
 g. Attorney Mambrino moved to consolidate the two cases and, after a hearing before Judge Robert Beach in which Lorenzen argued against the motion to consolidate, it was denied.
 h. Lorenzen filed a motion to suppress the statements given to the East Hartford police by the petitioner. A full hearing was held before Judge Beach with the petitioner testifying as well as the police officer from the East Hartford police who took the statements and was subjected to cross examination by Attorney Lorenzen. The motion to suppress was denied, but there has been no claim by the petitioner in the amended petition or during the habeas hearing that Attorney Lorenzen was in any way deficient in his pursuing the motion to suppress.
 i. Lorenzen had questioned the petitioner's mother who was a potential witness against him and had questioned the police officer during the hearing on the motion to suppress.
 j. The petitioner did not have any witnesses to testify on his behalf either for the incident of sexual abuse with the child who was living with him or any witnesses to testify on his behalf regarding the January 1, 2000 sexual abuse involving the prostitute.
k. Petitioner, although admitting that his signatures appeared on both statements given to the East Hartford police, denied the contents of the statement involving the child who was living with him but admitted to the statement involving the prostitute. These are respondent's exhibits F and CT Page 2637 G.
 l. Despite petitioner's denial regarding respondent's exhibit F, both statements would have been admitted into evidence, the petitioner through his attorney having lost the motion to suppress, and, as previously stated, there is no allegation that Lorenzen was ineffective as to the motion to suppress.
 m. Petitioner claimed that the victim who was living with him wrote a letter of apology to him. Lorenzen told petitioner that it may help the petitioner or it may not. This Court has reviewed the letter of alleged apology and agrees with Lorenzen that it probably would not have helped the petitioner if it had been introduced at trial and, in fact, might have hurt his case.
 n. There is a letter from the victim who lived with the petitioner to the petitioner's mother, respondents exhibit H, indicating that the petitioner had sexually assaulted said victim. Further, the mother told Mambrino that the victim had told her verbally that the petitioner had sexually assaulted her.
 o. Respondent's exhibit F, the statement to the police regarding the victim living with the petitioner was a confession to having sexual intercourse with said victim.
p. The Court has reviewed the transcript of the July 26, 2000 sentencing hearing which included Judge Clifford's canvass of the petitioner. it was a proper canvass, there was no indication that the petitioner did not understand the questions, he was told by Judge Clifford of the sentence he intended to impose which he later did, and the petitioner did not object. There is no basis for this Court to conclude that there was anything defective in the plea canvass and has to conclude that the petitioner was well aware of the charges against him including their specific details, and that he pleaded guilty under the Alford doctrine CT Page 2638 voluntarily knowing full well what the sentence would be and what evidence the State had against him.
From all of the above, this Court finds that the petitioner has failed to sustain his burden of proving that Lorenzen was ineffective in his representation of the petitioner and/or that Lorenzen's performance was below the standard of competence of defense attorneys in the area.[1]
Accordingly, the habeas petition is denied for that reason.
2. Was there a reasonable probability that, but for Lorenzen being ineffective, the result of the proceeding would have been different?
Assuming arguendo that Lorenzen was ineffective, the petitioner has failed to meet his burden of proof as to the second prong of Stricklandv. Washington, supra. The evidence against petitioner was overwhelming. He clearly would have been convicted at trial of all the charges pending against him which could have resulted in a sentence of over 200 hundred years. The statements (confessions) to the East Hartford police would have been admitted into evidence, the accusation of the victim who lived with him to the petitioner's mother would have been admitted, the hospital records showing that the prostitute had suffered physical injuries as a result of her sexual intercourse with the petitioner would have been admitted, and although the petitioner may not have realized that each victim was under the age of sixteen, the law makes no exception for lack of knowledge, and he clearly would have been convicted of sexual intercourse with two victims under the age of sixteen. Even if the petitioner could have shown that there was no physical force in any of the sexual assaults, he would still have been convicted of sexual assault in the second degree and risk of injury to a minor which would have carried a maximum exposure of at least 60 years imprisonment.
Based upon the substantial evidence against the petitioner and the substantial sentences that could have been imposed if he had been convicted, whether 60 years or 205 years, Lorenzen was very effective in plea bargaining the sentence that resulted in 20 years execution suspended after ten years with ten years of probation.
For the foregoing reasons, this Court concludes that even if Lorenzen had been ineffective, there was not a reasonable probability that the result of the proceeding, if the petitioner had gone to trial, would have been better than the sentence that was imposed. In fact, it would have been much more than the sentence that was imposed.
The petition for habeas corpus is denied. CT Page 2639
Rittenband, JTR