[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issue in this habeas corpus petition brought by way of the Petitioner's Third Amended Petition dated February 22, 2001, is the First Count which claims actual innocence. The Second Count claims ineffective assistance of trial counsel, Attorney Margaret Levy, and the Third Count claims ineffective assistance of prior habeas counsel, Attorney James Shanley.
As for Count Two, the claim of ineffective assistance of Attorney Margaret Levy, during this habeas trial the Court granted the respondent's Motion to Dismiss dated March 15, 2001, as to this Second Count because there was a prior habeas hearing with full evidence before Zarella, J., Docket No. CV 92-0001430, Superior Court, Judicial District of Tolland at Rockville, the decision of Judge Zarella being dated March 31, 1998. In said decision, the Court accepted the testimony of Attorney Margaret Levy that she was unaware of the Petitioner's injury which had occurred on December 20, 1990. The Petitioner failed to tell her about the injury, and Attorney Beizer, who represented Petitioner as a result of that accident on December 20, 1990, failed to communicate with Attorney Levy. In sum, Judge Zarella did not find that Attorney Levy's performance had reached the point of ineffective assistance of counsel. The Court further found that the Petitioner, Marlon Syms (hereinafter "Syms") had not sustained his burden of proof on the second prong ofStrickland v. Washington, 466 U.S. 668, 687 (1984) which holds in pertinent part that even if trial counsel was ineffective, the Petitioner still would have to prove that if it weren't for such ineffectiveness, the outcome of the trial would have been different. This is known as the prejudice prong which the Petitioner failed to sustain.
Accordingly, after a full hearing on the merits of the Petitioner's claim of ineffective assistance of Attorney Levy, Judge Zarella did not rule that she was ineffective. This conclusion having been reached in a prior habeas by Judge Zarella, this Court dismissed the Second Count of the subject habeas petition. CT Page 127
This leaves Count One as to actual innocence and Count Three as to ineffective assistance of habeas counsel, Attorney James Shanley.
 FACTS
On December 12, 1990, Syms stepped into a hole causing him to sprain or strain his ankle and causing him to sustain injury to his back. He was taken to the Mount Sinai emergency room at which he was examined and released where he was given a cane and some Motrin. He was then seen by Dr. Jude Lombardi, a Chiropractor. On December 20, 1990 he consulted with Attorney Arnold Beizer to bring a lawsuit because of said injury.
On January 8, 1991, a burglary and robbery was committed at 220 Sargent Street in Hartford. Syms was subsequently identified by Norman Sparrow, a resident there, as one of the participants in the crime. The Petitioner was not treated by Dr. Lombardi for his ankle but was treated for low back pain with spinal manipulation.
The Petitioner was charged on January 8, 1991 with kidnaping in the first degree, robbery in the first degree, conspiracy to commit robbery in the first degree and burglary in the second degree. At a jury trial, with Corrigan, J., presiding, which concluded on October 22, 1991, there was a verdict of guilty on all charges. The Petitioner was sentenced to a total effective sentence of 20 years incarceration. The conviction was appealed, and said judgment was affirmed.
 STANDARD OF REVIEW
"For the Petitioner to prevail on his claim of ineffective assistance of counsel, he must establish that his counsel's performance was deficient . . . that counsel made errors so serious that counsel was not functioning as "counsel' guaranteed by the sixth amendment, and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different." Strickland v.Washington, 466 U.S. 668, 694 (1984); Johnson v. Commissioner ofCorrections, 58 Conn. App. 482, 484 (June 27, 2000). A claim of actual innocence must be proven by clear and convincing evidence with sufficient proof that no reasonable fact finder would find him guilty of the crime.Miller v. Commissioner of Corrections, 242 Conn. 745, 791 (1997). Also see, Summerville v. Warden, 229 Conn. 397, 431 (1994) footnote 22.
The Court bases much of its decision on the credibility of the witnesses; namely their demeanor on the witness stand, their ability to recall certain events, the consistency or inconsistency of their CT Page 128 statements or testimony, the manner in which they responded to questions on cross-examination as well as direct examination, the conflict of their testimony with other testimony and the other evidence in the case, including the exhibits, and the overall reliability of their testimony.
 ISSUES
1. Is the Petitioner Actually Innocent?
Petitioner claims that because of his injuries sustained on December 12, 1990, he was physically unable to participate in the crimes of January 8, 1991. Testimony from city officials proves that at 220 Sargent Street, the scene of the crimes, there were between four and six steps to get up onto the porch and one or two steps to go into the apartment. At his first appearance in this habeas trial, Dr. Lombardi was asked whether or not the Petitioner could have, in escaping, run down four flights of stairs. The answer was essentially "no". However, whoever committed the crime did not run down four flights of stairs, but rather four stairs. When this error was noted, Dr. Lombardi was summoned again and testified on October 29, 2002, before this Court that the Petitioner could have negotiated the stairs but without a normal gait. He testified that he could have run from 220 Sargent Street to Main Street, a distance of 354 feet, but would have done it with an altered gait. The Court asked him if adrenaline could have helped him to run even though he was in pain, and Dr. Lombardi answered in the affirmative. Subsequent testimony by Norman Sparrow at the criminal trial was that after tending to his mother in the apartment, Sparrow ran out to chase the people who had robbed and burglarized him, but they were gone. It was also testified, and the Court believes, that there was no running down the street to an intersecting street but rather there was an automobile waiting nearby for those who committed the crimes, and the offenders got into the car and drove away. Accordingly, Dr. Lombardi's testimony does not convince this Court that the Petitioner was incapable physically of committing the robbery/burglary and escaping down the stairs and to the vehicle. The Respondent countered with testimony from Dr. Edward Blanchette who is an M.D. who is the Medical Director for the Department of Corrections. Dr. Blanchette reviewed the emergency room records of Mt. Sinai Hospital and the prison medical records of the Petitioner commencing with his incarceration. Without going into all of Dr. Blanchette's testimony, suffice it to say that he concluded that the Petitioner was "quite capable of performing the activities of going down the stairs and running away."
Further, the testimony of the Petitioner was contradictory at times. He testified in the previous habeas trial that he was living with his CT Page 129 girlfriend, namely Andrea Hannah, on January 8, 1991 on Manchester Street in Hartford, yet at this habeas trial he testified that he lived with his mother and grandmother at 297 Branford Street in Hartford. There were other inconsistencies in his testimony. Overall, this Court found Dr. Blanchette to be very credible, Dr. Lombardi less credible and the Petitioner less credible than either of them.[1]
This habeas trial took up four separate days, the last being on December 18, 2002. No briefs have been filed, merely oral argument. Despite the lengthy testimony, the issue of actual innocence can be boiled down to whether the petitioner was physically able to run down the front steps and run away. There is really no conflict in testimony except that Dr. Blanchette was very firm that the Petitioner had the physical ability to enter and leave 220 Sargent Street in Hartford, going down the steps and running and Dr. Lombardi, in his second round of testimony, stated the same, but indicated that he would have had an altered gait. Essentially, both medical professionals did not say it was impossible or even unlikely for the Petitioner not to have been able to go up the front steps and then down the front steps and run away. Clearly then, Petitioner has not sustained his burden of proving his actual innocence by clear and convincing evidence with sufficient proof that no reasonable fact finder would find him guilty of the crime. Miller v. Commissioner,
supra, The only point that would show his innocence is valid testimony that would confirm his claim that he was physically unable to participate. In view of the testimony aforementioned no reasonable fact finder could find it was either impossible or improbable for him to have committed the crime. Count One, actual innocence, is, therefore, denied.
 2. Was Attorney James Shanley Ineffective as Counsel for the Petitioner at the Prior Habeas Trial?
If this Court were to find Attorney Shanley ineffective, the result would be, assuming the prejudice prong of Strickland, supra, had been met, a new habeas trial. That is exactly what the case at bar is.
Petitioner faults Attorney Shanley for not bringing in to testify Dr. Jude Lombardi and Attorney Arnold Beizer. However, any error in not bringing these two individuals to testify at the habeas trial was overcome by the fact that they did testify at the habeas trial before this Court. The Court has found nothing in their testimony that would have allowed the jury to believe that the Petitioner was physically unable to commit the crime.
As for Norman Sparrow, who testified at the criminal trial, he could not be located by Attorney Shanley. The Petitioner's grandmother, Lina CT Page 130 Syms, was in poor health for this trial, and Petitioner did not want her brought in. His mother, Charlene Arnold, was deceased at the time of this habeas trial. Andrea Hannah, Petitioner's girlfriend, did testify at the prior habeas trial as did the mother and grandmother. Any testimony by any of them as to whether the Petitioner would have been physically able to participate in the crimes would have been negated by the testimony of Dr. Lombardi and Dr. Blanchette, medical professionals as opposed to lay people. The main witnesses that did not testify at the prior habeas trial were Dr. Lombardi and Attorney Beizer, and this Court has found that when they did testify in this habeas trial, they offered no testimony which supported the Petitioner.
Accordingly, whatever errors Attorney Shanley may have made, have been overcome by the testimony of Dr. Lombardi and Attorney Beizer in this trial. The other witnesses would not have offered anything of significance. Accordingly, this Court finds that Attorney Shanley was not ineffective as counsel for the Petitioner at the prior habeas trial and, even if he had presented Dr. Lombardi and Attorney Beizer, the result would not have been different because neither of them would have given testimony that would have helped the Petitioner. The Petitioner, has, therefore, not sustained his burden of proving the second prong ofStrickland, supra, that if the attorney were not ineffective, the result would have probably been different. Based upon all of the above, the evidence was clearly against the Petitioner, and he would have been convicted regardless of what trial counsel and habeas counsel did or didn't do.
Accordingly, the Petition for Habeas Corpus is denied.
 ___________________ Rittenband, JTR
Note: The Court would like to thank both attorneys Narus and Russell for their professionalism, thoroughness and effectiveness that they demonstrated during this habeas trial.